UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSE LUIS CHUY, GUILLERMO
ANDRES PENA-GARCIA, TERESA
DAMIAN, RONEI BARBOSA, SANDRA
BARBOSA, ANTONIO CARLOS
DASILVA, DOLIRIAN CHUY, MAYRA
HERNANDEZ, RAFAEL ROSENDO DE
OLIVEDA,

    Plaintiffs,

-vs-                Case No. 6:10-cv-178-Orl-31DAB

HILTON MANAGEMENT LLC, and
WALDORF=ASTORIA MANAGEMENT
LLC,

    Defendants.
_____

HILTON MANAGEMENT LLC,

   Third Party Plaintiff,

vs.

CD QUALITY SERVICE CORPORATION,

   Third Party Defendant.
_____

# ORDER

This matter comes before the Court on the Motion to Dismiss (Doc. 25) filed by the Defendants, Hilton Management LLC ("Hilton Management") and Waldorf=Astoria Management LLC ("Waldorf Management"), and the response (Doc. 27) filed by the Plaintiffs.

This matter began as an interpleader action. The Defendants and a number of related entities sought to deposit in the Court registry certain sums owed to a now-defunct third party,[1] VR Services, that had supplied workers to hotels operated by Hilton Management and Waldorf Management. The Plaintiffs are a part of that group of workers, who contend that they received no pay from VR Services for work performed in November and December 2009. In response to the interpleader complaint (Doc. 1), the Plaintiffs filed a counterclaim against the Defendants to recover wages under both Florida law and the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq*. After determining that interpleader was not appropriate, the Court dismissed the interpleader complaint and directed the Plaintiffs to refile their wage claims in the form of a complaint. (Doc. 15). The Defendants now seek dismissal of some of the claims asserted in that complaint.

## II.   Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case.

---

[1] The identity of this third party is in dispute. The Plaintiffs contend that an entity known as Very Reliable Services, Inc. furnished the workers, but the Defendants contend that it contracted with CD Quality Service Corporation d/b/a VR High Quality Service. In the interpleader complaint, Hilton and Waldorf identified the entity that provided labor services to them as "VR Services". (Doc. 1 at 3). For purposes of the instant motion, the Court will identify the third party as "VR Services".

*Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984). In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff. *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988). The Court must also limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level, *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007). Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal. *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

The United States Supreme Court recently addressed what factual allegations are necessary to survive a motion to dismiss. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' - 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. Analysis**

The Plaintiffs contend that Hilton Management contracted with VR Services to furnish workers at the Hilton Orlando Bonnet Creek hotel ("Hilton Bonnet Creek") and the Hilton in the Walt Disney Resort hotel ("Hilton Disney"), and that Waldorf Management contracted with VR Services to provide workers at the Waldorf Astoria Orlando hotel ("Waldorf Orlando"). (Doc. 15 at 6). The parties agree that the named Plaintiffs worked only at the Hilton Bonnet Creek.

The complaint contains two counts. Count I is a claim for wages under the FLSA, asserted by all the Plaintiffs against Hilton Management, for work performed at the Hilton Bonnet Creek. (Doc. 15 at 8). Count II, which is asserted on behalf of a class, is a claim under the minimum wage provisions of the Florida Constitution and the Florida Minimum Wage Act, Fla. Stat. § 448.10 (the "FMWA"). The Florida wage claim is asserted against both Defendants regarding work performed at all three hotels. Because the Plaintiffs worked only at the Hilton Bonnet Creek, the Defendants argue that any claims related to the other two hotels should be dismissed.

Article X, section 24 of the Florida Constitution established a minimum wage in Florida and granted the state legislature the authority to implement it. The legislature did so by enacting the FMWA. To prevail under the FMWA, a plaintiff must establish the same three elements needed to prevail under the FLSA: that the plaintiff was employed by an employer covered by the FLSA during the pertinent time period; that the plaintiff was engaged in commerce or production of goods for commerce or employed by an enterprise engaged in commerce or in the production of goods for commerce; and that the employer failed to pay the plaintiff the minimum wage and overtime compensation required by the law. *Kwasnik v. Charlee Family Care Services of Cent. Florida, Inc.*, 2009WL1607809 *4 (M.D.Fla. June 9, 2009).

For purposes of stating a claim under the FMWA, the only sticking point here is the issue of whether the Plaintiffs were "employed" by Hilton Management or Waldorf Management. In regard to the former, the Plaintiffs allege in the Complaint that, at all relevant times, "Hilton Management L.L.C. employed the Plaintiffs . . . within the meaning of the FLSA." (Doc. 15 at 3). Article 10, Section 24 of the Florida Constitution provides that the terms "employer" and "employee" shall be given the same meaning under the FMWA as established under the FLSA. Given this, along with the factual allegations that they worked at the Hilton Bonnet Creek, the Plaintiffs have stated an FMWA claim against Hilton. (As more fully described below, the fact that they did not work at Hilton Disney does not affect this analysis.)

The Plaintiffs have not alleged that they were employed by Waldorf Management. Despite this, the Plaintiffs argue that the claim against Waldorf Management should not be dismissed, for two reasons. First, the Plaintiffs point out that the interpleader complaint was brought by both of these Defendants as operators of all three hotels. Plaintiffs contend that by doing so, the Defendants implicitly admitted that the situations at all three hotels involved common questions of law and fact and arose from the same transactions or occurrences. Even assuming this to be true, however, it would not establish that Waldorf Management was an employer of any of the Plaintiffs, as required to state a claim under the FMWA.

The Plaintiffs' second argument is that the FMWA claim is asserted on behalf of a class, consisting of the following:

> All individuals furnished to the Defendants by [VR Services] or its subsidiaries for employment in November or December, 2009 at the Hilton Orlando Bonnet Creek hotel, the Hilton in the Walt Disney World Resort hotel and/or the Waldorf Astoria Orlando hotel.

(Doc. 15 at 4). By definition, the Plaintiffs contend, at least some members of this class were employed by Waldorf Management and can therefore state a claim under the FMWA.

In support of this contention, the Plaintiffs argue that their own claims are typical of the claims of the other members of this class, including those members who worked at the Waldorf Orlando hotel, and therefore the claim should be allowed to proceed as to Waldorf Management. The issue, however, is standing, not typicality. To meet Article III's standing requirement, a plaintiff must allege and show that he or she personally suffered injury. *Griffin v. Dugger*, 823 F.2d 1476, 1482-83 (11th Cir. 1987). This requirement is not met by alleging that injury has been suffered by other members of the class to which the plaintiff belongs and which he or she purports to represent. *Warth v. Seldin*, 422 U.S. 490, 502 (1975). Because the Plaintiffs have not alleged that any one of them was employed by Waldorf Management, no Plaintiff has suffered an injury as a result of Waldorf Management's (alleged) violation of the FMWA, and they cannot bring that claim on behalf of the class.

In contrast, the Plaintiffs have alleged that they were employed by Hilton Management, and that they suffered an injury due to Hilton Management's (alleged) violation of the FMWA. It could turn out that their claims are not typical of the claims of the class members who worked at the other Hilton Management-operated hotel. But at this stage, they have standing to bring an FMWA claim against Hilton Management on behalf of class members who are alleged to have suffered the same injury, even though they worked at a different Hilton Management-operated hotel.

**IV.     Conclusion**

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss (Doc. 25) is **GRANTED IN PART** and **DENIED IN PART**. The claims against Defendant Waldorf=Astoria Management, LLC are **DISMISSED WITHOUT PREJUDICE**. In all other respects, the motion is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on May 10, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party